IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFTON M. WALKER, | § | |
| TDCJ-CID NO. 1256681, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-06-2667 |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, Clifton M. Walker, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 challenging his state court conviction of assault on a public servant (Docket Entry No. 1). Pending before the court is Respondent Nathaniel Quarterman's Motion for Summary Judgment with Brief in Support (Docket Entry No. 9). For the reasons stated below, Respondent's Motion for Summary Judgment will be granted, and Walker's Petition for a Writ of Habeas Corpus by a Person in State Custody will be denied.

## I.  **Procedural History**

Walker is an inmate confined by the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID), pursuant to his conviction and sentencing for the felony offense of assault on a

public servant in cause number 976559 in the 230th Judicial District Court of Harris County, Texas.[1]

Walker was charged by two separate indictments with assault on a public servant and possession of a controlled substance.[2] Walker pleaded not guilty to each charge; and on August 3, 2004, a jury found Walker guilty of the assault charge and not guilty of the possession charge.[3] The jury sentenced Walker to twenty-five years' imprisonment after finding him guilty of the enhanced assault offense.[4]

Walker appealed his conviction to the Fourteenth Court of Appeals of Texas.[5] Walker's attorney filed an Anders brief stating that an appeal would be frivolous and without merit.[6] Anders v. California, 87 S. Ct. 1396 (1967). Walker received notice regarding the Anders brief and his right to file a pro se

---

[1]Ex parte Walker, Appl. No. WR-64,536-01, Docket Entry No. 7, pp. 48-49.

[2]Id. at p. 42; Reporter's Record, Vol. 3, pp. 3-4.

[3]Reporter's Record, Vol. 3, pp. 3-4; Reporter's Record, Vol. 4, pp. 5-6; and Ex parte Walker, Appl. No. WR-64,536-01, Docket Entry No. 7, pp. 48-49.

[4]Ex parte Walker, Appl. No. WR-64,536-01, Docket Entry No. 7, p. 48.

[5]Walker v. State, No. 14-04-00802-CR, slip op., 2005 WL 1643894, at *1 (Tex. App. -- Houston [14th Dist.] July 14, 2005, no pet.) (mem. op., not designated for publication), contained in Ex parte Walker, Appl. No. WR-64,536-01, Docket Entry No. 7, pp. 39-41.

[6]Walker v. State, No. 14-04-00802-CR, Appellant's Brief in Support of Motion to Withdraw.

response.[7]   The Fourteenth Court of Appeals found that Walker failed to file a pro se response and affirmed the judgment of the trial court.[8]   Walker did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

On January 9, 2006, Walker filed an application for a writ of habeas corpus with the state court.[9]   He alleged that the trial court abused its discretion by failing to rule on his motion to sever, that his rights against double jeopardy were violated, that his counsel was ineffective for failing to obtain a ruling on his motion to sever, that no evidence existed to support his conviction, and that he was actually innocent.[10]   The trial court entered findings of fact and conclusions of law and recommended that relief be denied.[11]   The Court of Criminal Appeals denied relief without written order on May 24, 2006.[12]

Walker filed the pending federal habeas corpus petition on August 15, 2006, claiming that

---

[7]Id. at p. 7; Walker v. State, No. 14-04-00802-CR, slip op., 2005 WL 1643894, at *1 (Tex. App. -- Houston [14th Dist.] July 14, 2005, no pet.) (mem. op., not designated for publication), contained in Ex parte Walker, Appl. No. WR-64,536-01, Docket Entry No. 7, pp. 39-41.

[8]Id.

[9]Ex parte Walker, Appl. No. WR-64,536-01, Docket Entry No. 7, pp. 2-15.

[10]Id. at pp. 7-8, 11-15.

[11]Id. at pp. 33-34.

[12]Id. at cover.

-3-

(1)   the trial court abused its discretion by failing
      to rule on his motion to sever;

(2)   his conviction violates his right against double
      jeopardy;

(3)   he was denied effective assistance of counsel
      because counsel failed to obtain a ruling on his
      motion to sever, which caused him to be tried
      twice for one offense; and

(4)   there was no evidence to support his conviction
      because he is actually innocent.[13]

Respondent moves for summary judgment asserting that Walker's claims are partially unexhausted and procedurally barred, without merit, and do not meet the AEDPA standard of review.[14]  Walker filed a motion for extension to respond to the motion for summary judgment on March 6, 2007 (Docket Entry No. 10).  The motion was granted, and Walker filed a response on April 4, 2007 (Docket Entry No. 12).

## II.   Standards of Review

### A.   Habeas Corpus

Walker's federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997) (holding that AEDPA applies to noncapital cases filed after its effective date, April 24, 1996).  The intent of the AEDPA is to avoid federal

---

[13]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, pp. 7-8.

[14]Respondent Quarterman's Motion for Summary Judgment with Brief in Support, Docket Entry No. 9, pp. 1, 5-19.

habeas "retrials" and "ensure that state-court convictions are given effect to the extent possible under [the] law." <u>Bell v. Cone</u>, 122 S. Ct. 1843, 1849 (2002).

The provisions of Section 2254(d) create a highly deferential standard, thereby demanding that state court decisions be given the benefit of the doubt. <u>Woodford v. Visciotti</u>, 123 S. Ct. 357, 360 (2002). A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court's decision

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "'Pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), and questions of fact are reviewed under § 2254(d)(2).'" <u>Martin v. Cain</u>, 246 F.3d 471, 475-76 (5th Cir. 2001) (quoting <u>Corwin v. Johnson</u>, 150 F.3d 467, 471 (5th Cir. 1998)).

A state court decision is contrary to clearly established law if the decision contradicts the governing law set forth by the Supreme Court or if the state court decides a case differently than the Court's precedent when the facts are materially indistinguishable. <u>Early v. Packard</u>, 123 S. Ct. 362, 365 (2002) (quoting <u>Williams v. Taylor</u>, 120 S. Ct. 1495, 1519 (2000)). A

state court unreasonably applies federal law if the court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." Williams, 120 S. Ct. at 1523. To be an unreasonable application of federal law the state decision must be objectively unreasonable and more than simply incorrect or erroneous. Lockyer v. Andrade, 123 S. Ct. 1166, 1174 (2003) (citing Williams, 120 S. Ct. at 1521-23).

Because the AEDPA grants great deference to state determinations of factual issues, a claim adjudicated on its merits in state court and based on factual decisions will not be overturned on factual grounds unless the court determines that the decision was both incorrect and objectively unreasonable. Williams, 120 S. Ct. at 1522. In reviewing a federal habeas petition, the court must presume that a factual determination made by the state court is correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**B.   Summary Judgment**

A court may grant summary judgment when the evidence shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). The moving party has the responsibility of informing the court of the basis

-6-

for its summary judgment motion and "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . .'" that demonstrate no genuine issue of material fact.  <u>Id.</u> at 2553.  In response, the non-movant must go beyond the pleadings and by affidavits, depositions, answers to interrogatories, or admissions on file show that there is a genuine issue of material fact requiring resolution through a trial.  <u>Id.</u>  If the nonmoving party is unable to meet this burden, the motion for summary judgment will be granted.  Fed R. Civ. P. 56(c).

        Rule 56 of the Federal Rules of Civil Procedure "applies with equal force in the context of habeas corpus cases."  <u>Clark v. Johnson</u>, 202 F.3d 760, 764 (5th Cir. 2000).  The rule, however, only applies to the extent that it does not conflict with the habeas rules.  <u>Smith v. Cockrell</u>, 311 F.3d 661, 668 (5th Cir. 2002), <u>overruled on other grounds by</u> <u>Tennard v. Dretke</u>, 124 S. Ct. 2562 (2004).  Generally, in ruling on a motion for summary judgment the court resolves any doubts and draws any inferences in favor of the nonmoving party, <u>Hunt v. Cromartie</u>, 119 S. Ct. 1545, 1551-52 (1999) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2513 (1986)), but 28 U.S.C. § 2254(e)(1) commands that factual findings of the state court are to be presumed correct.  Thus, 28 U.S.C. § 2254(e)(1) overrides the general summary judgment rule.  <u>Smith</u>, 311 F.3d at 668.  The petitioner is required to rebut the presumption of correctness by clear and convincing evidence;

otherwise, the court will presume the factual determination of the state court is correct.  Id.; 28 U.S.C. § 2254(e)(1).

### III.  Analysis

**A.  Abuse of Discretion Claim**

Walker claims that the trial court abused its discretion by failing to rule on his pro se motion to sever.[15]  Respondent argues that this allegation was waived and procedurally defaulted because Walker failed to raise the claim on direct appeal.[16]

Under the procedural default doctrine, a habeas claim is procedurally barred from federal review when "a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal . . . ."  Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (citing Coleman v. Thompson, 111 S. Ct. 2546, 2555 (1991)).  In the present case Walker's attorney filed an Anders brief and notified Walker of his right to file a pro se brief in support of his claims.[17]  Walker failed to file such a brief, and the appellate court affirmed his conviction.[18]  Under

---

[15]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7.

[16]Respondent Quarterman's Motion for Summary Judgment with Brief in Support, Docket Entry No. 9, pp. 9-11.

[17]Walker v. State, No. 14-04-00802-CR, Appellant's Brief in Support of Motion to Withdraw.

[18]Walker v. State, No. 14-04-00802-CR, slip op., 2005 WL 1643894, at *1 (Tex. App. -- Houston [14th Dist.]

(continued...)

Texas state law failure to present such a claim on direct appeal constitutes a procedural default.   See Ex parte Townsend, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004) (citing Ex parte Gardner, 959 S.W.2d 189, 191 (Tex. Crim. App. 1996)) ("Even a constitutional claim is forfeited if the applicant had the opportunity to raise the issue on appeal.").

In Walker's state habeas proceedings, the state trial court found that Walker was procedurally barred from raising the abuse of discretion allegation "on habeas because he failed to raise [it] on direct appeal . . .," and the Texas Court of Criminal Appeals denied relief "without written order."[19]  When a lower state court concludes that a claim is procedurally defaulted and the state appellate court denies relief without explanation, a federal court reviewing a habeas petition must presume that the state appellate court adopted the lower court's procedural ruling and did not reach the merits of the issue. Ylst v. Nunnemaker, 111 S. Ct. 2590, 2594 (1991).   In light of Nunnemaker's clear ruling, this court concludes that Walker's abuse of discretion allegation was barred by the Court of Criminal Appeals on procedural grounds.  Thus, federal habeas review is prohibited "unless the prisoner can demonstrate cause for the default and actual prejudice as a result

---

[18](...continued)
July 14, 2005, no pet.) (mem. op., not designated for publication), contained in Ex parte Walker, Appl. No. WR-64,536-01, Docket Entry No. 7, pp. 39-41.

[19]Ex parte Walker, Appl. No. WR-64,536-01, Docket Entry No. 7, p. 31, at cover.

of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 111 S. Ct. 2546, 2565 (1991).

Walker has not demonstrated cause for the default or prejudice as a result of the alleged violation of federal law. To establish cause, Walker would need to show that he was unable to comply with the state's procedural rules due to an objective external factor. <u>See</u> <u>Dowthitt v. Johnson</u>, 230 F.3d 733, 752 (5th Cir. 2000) (quoting <u>Meanes v. Johnson</u>, 138 F.3d 1007, 1011 (5th Cir. 1999)). Walker offers no explanation as to why he failed to file a direct appeal other than to state that the records of the Fourteenth Court of Appeals will show that he did file a <u>pro se</u> brief.[20] This assertion is not supported by the record and is contradicted by the Court of Appeals memorandum opinion.[21] Walker is also unable to show that failure to consider the claim will result in a fundamental miscarriage of justice because he has not provided any new and reliable proof that he is actually innocent of the assault charge. <u>Fairman v. Anderson</u>, 188 F.3d 635, 644 (5th Cir. 1999) (quoting

---

[20]Petitioner Walker's Response to Respondent's Quarterman Motion for Summary Judgment, Docket Entry No. 12, p. 2.

[21]<u>Walker v. State</u>, No. 14-04-00802-CR, slip op., 2005 WL 1643894, at *1 (Tex. App. -- Houston [14th Dist.] July 14, 2005, no pet.) (mem. op., not designated for publication), contained in <u>Ex parte Walker</u>, Appl. No. WR-64,536-01, Docket Entry No. 7, pp. 39-41.

<u>Schlup v. Delo</u>, 115 S. Ct. 851, 867 (1995)) ("[P]etitioner . . . must show that it [is] 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'"). Because Walker has failed to produce evidence to satisfy either of the two exceptions to the rule barring federal habeas review, Walker's abuse of discretion claim will be denied as procedurally barred.

**B.   Double Jeopardy Violation Claim**

Walker next asserts that his right against double jeopardy has been violated.[22]   In essence, Walker argues that because he was tried for the assault charge and the possession charge together and was only found guilty of one offense, he was tried twice for the same offense.[23]

The Fifth Amendment guarantee against double jeopardy protects defendants from a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense.  <u>Dep't of Revenue Mont. v. Kurth Ranch</u>, 114 S. Ct. 1937, 1941 n.1 (1994) (citing <u>North Carolina v. Pearce</u>, 89 S. Ct. 2072, 2076 (1969)). When a petitioner alleges a double jeopardy violation, the court must apply the test set forth in <u>Blockburger v. United States</u>, 52

_____

[22]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7.

[23]<u>Id.</u>

S. Ct. 180 (1932), in order to determine whether two statutes punish the same offense.  United States v. Florez-Peraza, 58 F.3d 164, 166 (5th Cir. 1995).  The Blockburger test requires the court to compare the two statutes and ask "'whether each provision requires proof of an additional fact which the other does not.'" Florez-Peraza, 58 F.3d at 166 (quoting Blockburger, 52 S. Ct. at 182).  The test is satisfied so long as "each different statutory offense requires proof of a fact that the other does not . . . notwithstanding a substantial overlap in the proof offered to establish the crimes."  United States v. Marden, 872 F.2d 123, 125 (5th Cir. 1989) (citing United States v. Kalish, 734 F.2d 194, 196–97 (5th Cir. 1984)).

Walker raised this issue in his state application for a writ of habeas corpus.[24]  The state court found that Walker "fail[ed] [to] implicate double jeopardy protection because he fail[ed] to show that he was twice prosecuted for the same offense, nor d[id] he show that he ha[d] received multiple punishments for the same offense."[25]  Ultimately, the Court of Criminal Appeals denied relief.[26]  Walker was charged by two separate indictments for assault on a public servant and for possession of a controlled

_____

[24]Ex parte Walker, Appl. No. WR-64,536-01, Docket Entry No. 7, p. 7.

[25]Id. at p. 31.

[26]Id. at cover.

substance (cocaine).[27]   Both charges arose out of the same
incident.[28]   The relevant question before the court is whether the
state court's finding that Walker failed to demonstrate a violation
of the right to be free from double jeopardy is contrary to or an
unreasonable application of clearly established federal law.

The offense of Assault on a Public Servant is defined by
Section 22.01 of the Texas Penal Code, which states:

> (a)   A person commits an offense if the person:
>
> > (1)   intentionally, knowingly, or recklessly
> > causes bodily injury to another, including
> > the person's spouse;
> >
> > (2)   intentionally or knowingly threatens another
> > with imminent bodily injury, including the
> > person's spouse; or
> >
> > (3)   intentionally or knowingly causes physical
> > contact with another when the person knows
> > or should reasonably believe that the other
> > will regard the contact as offensive or
> > provocative.
>
> (b)   An offense under Subsection (a)(1) is a Class A
> misdemeanor, except that the offense is a felony
> of the third degree if the offense is committed
> against:
>
> > (1)   a person the actor knows is a public servant
> > while the public servant is lawfully
> > discharging an official duty, or in
> > retaliation or on account of an exercise of
> > official power or performance of an official
> > duty as a public servant;

Tex. Penal Code Ann. § 22.01 (Vernon 2003 & Supp. 2006).

---

[27]Reporter's Record, Vol. 3, pp. 3-4; Ex parte Walker, WR-
64,536-01, Docket Entry No. 7, p. 42.

[28]Reporter's Record, Vol. 3, pp. 3-4, 10-36.

Section 481.115 of the Texas Health and Safety Code defines the offense of Possession of a Controlled Substance in the following manner:

> (a)  . . . a person commits an offense if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 1 . . . .

Tex. Health & Safety Code Ann. § 481.115(a) (Vernon 2003 & Supp. 2006).  Penalty Group 1 includes cocaine.  Id. at § 481.102(3)(D).

The offenses of assault on a public servant and possession of a controlled substance pass the Blockburger test because each charge requires proof of a fact that the other does not.  In fact, all but one of the elements of each offense are separate and distinct.

Walker has not subsequently been charged with the possession offense after being acquitted, nor had he previously been acquitted of the assault offense prior to his conviction at trial.  Walker is not receiving multiple punishments for the assault offense or being prosecuted a second time for the assault charge after conviction. Because Walker's conviction clearly satisfies the Blockburger test and he has failed to show more than one prosecution or multiple punishments for the same offense, the court concludes that the Texas Court of Criminal Appeals' denial of relief on this claim was a reasonable application of established federal law.

## C.   Ineffective Assistance of Counsel Claim

Walker alleges that his trial counsel rendered ineffective assistance of counsel because counsel failed to obtain a ruling on

his motion to sever, thus, causing Walker to be tried twice for the same offense.[29]

Walker alleged the same ineffective assistance of counsel claim in his state habeas application.[30]  The state trial court made the following findings:

> 3.   Applicant fail[ed] to show that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different. . . .
>
> 4. Applicant fail[ed] to establish that counsel was ineffective for failing to file a pretrial motion to sever because he fails to show a benefit that would have come from filing . . . and fails to state how he was harmed or prejudiced by the decision not to file the motion. . . .
>
> 5. Applicant also fail[ed] to show [that] the pre-trial motion would have been successful had trial counsel filed it.[31]

The Texas Court of Criminal Appeals adopted these findings when it denied petitioner's claim.[32]

A petitioner asserting an ineffective assistance of counsel claim must satisfy the standard set forth in <u>Strickland v. Washington</u>, 104 S. Ct. 2052 (1984).  A criminal defendant must show that (1) counsel's performance was deficient, and (2) counsel's

---

[29]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7.

[30]<u>Ex parte Walker</u>, Appl. No. WR-64,536-01, Docket Entry No. 7, pp. 8, 15.

[31]<u>Id.</u> at p. 33.

[32]<u>Id.</u> at cover.

deficient performance prejudiced the defendant's case.  <u>Strickland</u>,
104 S. Ct. at 2064.   To be entitled to habeas corpus relief a
petitioner must satisfy both prongs of the test.   <u>Id.</u>

Performance is deficient if it falls below an objective
standard of reasonableness.   <u>Id.</u>   In making this determination
judicial scrutiny of counsel's performance is to be highly
deferential with a strong presumption that counsel rendered
adequate assistance and that the challenged conduct was a product
of reasoned trial strategy.   <u>Id.</u> at 2065.   <u>See also</u> <u>West v.
Johnson</u>, 92 F.3d 1385, 1400 (5th Cir. 1996) (quoting <u>Wilkerson v.
Collins</u>, 950 F.2d 1054, 1065 (5th Cir. 1992)).

A defendant must identify the acts or omissions of counsel
that are alleged not to be the result of reasonable professional
judgment.   <u>Strickland</u>, 104 S. Ct. at 2066.   The court must then
determine whether the identified acts are outside the wide spectrum
of professionally reasonable assistance.   <u>Id.</u>   A mere error by
counsel, even if professionally unreasonable, does not warrant
setting aside the state court judgment if the error did not affect
the judgment.   <u>Id.</u>   The appropriate test for determining actual
prejudice is whether "there is a reasonable probability that, but
for counsel's unprofessional errors, the result of the proceeding
would have been different."   <u>Id.</u> at 2068.   In making this
determination the focus is on whether counsel's deficient
performance renders the result of the trial unreliable or the
proceeding fundamentally unfair.   <u>Lockhart v. Fretwell</u>, 113 S. Ct.

838, 844 (1993) (citing <u>Strickland</u>, 104 S. Ct. at 2064).  A "mere possibility" that a different result might have occurred is not enough to demonstrate prejudice.  <u>Lamb v. Johnson</u>, 179 F.3d 352, 359 (5th Cir. 1999).

In order for this court to grant habeas relief it must be determined that the state court's denial of relief was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1).  <u>See</u> <u>Lamb</u>, 179 F.3d at 356 ("The ultimate determination of whether counsel was constitutionally effective is a mixed question of law and fact.").  The relevant issue before this court is "whether the state court's decision – that [Walker] did not make the <u>Strickland</u>-showing – was contrary to, or an unreasonable application of, the standards, provided by clearly established federal law (<u>Strickland</u>), for succeeding on his [ineffective assistance of counsel] claim." <u>Schaetzle v. Cockrell</u>, 343 F.3d 440, 444 (5th Cir. 2003) (emphasis omitted).

Walker has simply alleged that his counsel should have obtained a ruling on his <u>pro se</u> motion to sever, but has not shown how this failure to act was deficient, nor how the alleged deficiency prejudiced his case.  Walker's claim is conclusory since he provides no facts to support his assertion.[33]  Mere conclusory allegations do not entitle a petitioner to habeas relief.  <u>Miller</u>

---

[33]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, pp. 7–8.

v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000) (citing Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983)) ("This court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."). In his state habeas application Walker asserted that since his counsel knew of Walker's motion, counsel should have "forced a ruling" on the motion.[34] Walker, however, has not shown that he would have been entitled to severance or that the motion would have been granted by the trial court. Given the strong presumption that counsel rendered adequate assistance and that counsel's actions fall within a wide range of reasonable professional assistance, this court is unable to conclude that the state court's decision was an unreasonable application of the first prong of the Strickland test.

Moreover, in his state habeas application Walker failed to demonstrate how he was prejudiced by his counsel's failure to act. Walker simply states, "If the counsel would have got a ruling on the motion for severance, and the court would have severed the cases, the result of the proceedings would have been different."[35] The outcome of the trial does not support this assertion. Although Walker was found guilty of the assault charge, the jury found him

---

[34]Ex parte Walker, Appl. No. WR-64,536-01, Docket Entry No. 7, p. 15.

[35]Id.

not guilty of the possession charge.[36]  Since the jury acquitted Walker of one charge, it is difficult to see how the failure to sever the charges prejudiced Walker.  The court concludes that the state court's determination that Walker did not meet the standard set forth in Strickland is not contrary to or an unreasonable application of clearly established federal law.

**D.   No Evidence Claim**

Finally, Walker asserts that there is no evidence to support his conviction because he is actually innocent.[37]  Although Walker claims that "no evidence" supports his conviction, this is equivalent to challenging the legal sufficiency of the evidence.[38] Haley v. Cockrell, 306 F.3d 257, 266–67 (5th Cir. 2002), vacated on other grounds by Dretke v. Haley, 124 S. Ct. 1847 (2004). Respondent argues that this claim is procedurally defaulted because Walker failed to raise the claim on direct appeal, failed to file

---

[36]Reporter's Record, Vol. 4, pp. 5–6; Ex parte Walker, Appl. No. WR-64,536-01, Docket Entry No. 7, pp. 48–49.

[37]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 8.

[38]Although it is unclear whether Walker is challenging the factual sufficiency of the evidence in addition to the legal sufficiency, only legal sufficiency will support a claim for federal habeas relief.  "Factual sufficiency" is a claim solely under Texas state law and therefore has no effect in a federal court's habeas evaluation of evidentiary sufficiency unless it is asserted that a Constitutional violation infected the trial or the state law itself violates the Constitution.  Pemberton v. Collins, 991 F.2d 1218, 1223 (5th Cir. 1993) (citing Herrera v. Collins, 113 S. Ct. 853, 859 (1993)).

a petition for discretionary review with the Texas Court of Criminal Appeals, and improperly raised the claim in his state habeas petition.[39]

As stated above, a federal court is procedurally barred from reviewing a habeas claim when a state court has "clearly and expressly base[d] its dismissal of a prisoner's claim on a state procedural rule . . . ." Nobles, 127 F.3d at 420.  Walker failed to file a pro se brief with the Fourteenth Court of Appeals in response to his counsel's Anders brief and did not raise a sufficiency of the evidence claim in a petition for discretionary review.[40]  Walker first raised the allegation in his state habeas application.[41]  The state court found that Walker's sufficiency of the evidence challenge was "not cognizable in post-conviction habeas proceedings."[42]  It has long been established under Texas law that insufficiency of evidence allegations may be raised on direct appeal, but not in habeas proceedings.  Ex parte Christian, 760 S.W.2d 659, 660 (Tex. Crim. App. 1988).  This procedural bar has

---

[39]Respondent Quarterman's Motion for Summary Judgment with Brief in Support, Docket Entry No. 9, p. 10.

[40]Walker v. State, No. 14-04-00802-CR, slip op., 2005 WL 1643894, at *1 (Tex. App. -- Houston [14th Dist.] July 14, 2005, no pet.) (mem. op., not designated for publication), contained in Ex parte Walker, Appl. No. WR-64,536-01, Docket Entry No. 7, pp. 39-41.

[41]Ex parte Walker, Appl. No. WR-64,536-01, Docket Entry No. 7, p. 8.

[42]Id. at p. 34.

been recognized by the Fifth Circuit. West v. Johnson, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996) ("Although the Court of Criminal Appeal's denial of habeas relief stated no reasons, that court, as we have held, has long held that the sufficiency of the evidence may only be raised on direct appeal, and may not be raised in state habeas."). Therefore, Walker's failure to raise this claim on direct appeal or in a petition for discretionary review constituted a procedural bar under state law. Renz v. Scott, 28 F.3d 431, 432 (5th Cir. 1994) (citing Clark v. State of Texas, 788 F.2d 309, 310 (5th Cir. 1986)).

As previously discussed, in cases where a prisoner has defaulted his claims in state court pursuant to a state procedural rule, federal habeas review is procedurally barred unless the prisoner can demonstrate (1) cause and prejudice or (2) a miscarriage of justice if the claim is not considered. Coleman, 111 S. Ct. at 2565. Walker is unable to establish either in the present case. Walker presents no explanation why he did not raise the sufficiency of the evidence claim on direct appeal or through a petition for discretionary review, he simply asserts that he filed a pro se brief.[43] The Fourteenth Court of Appeals rejected this assertion, however, in its opinion.[44] Thus, Walker has not

---

[43]Petitioner Walker's Response to the Respondent's Quarterman Motion for Summary Judgment, Docket Entry No. 12, p. 2.

[44]Walker v. State, No. 14-04-00802-CR, slip op., 2005 WL 1643894, at *1 (Tex. App. -- Houston [14th Dist.] July 14, 2005, no pet.) (mem. op., not designated for

(continued...)

established cause or prejudice.   See <u>Dowthitt</u>, 230 F.3d at 752. Moreover, Walker has not presented new and reliable evidence that he is actually innocent of the charge; therefore, failure to consider the claim is not a miscarriage of justice.   See <u>Fairman</u>, 188 F.3d at 644.   Because Walker has not established a basis on which he would avoid the procedural bar, this court is precluded from considering his claim of insufficiency of evidence.

### IV.   Conclusion and Order

The court **ORDERS** the following:

1.   Respondent Quarterman's Motion for Summary Judgment (Docket Entry No. 9) is **GRANTED**.

2.   Walker's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this 20th day of June, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[44](...continued)
publication), contained in <u>Ex parte Walker</u>, Appl. No. WR-64,536-01, Docket Entry No. 7, pp. 39-41.

-22-